# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EAST WIND ASSOCIATION, INC.,**

**Plaintiff,**

**-vs-** **Case No. 6:06-cv-1266-Orl-31JGG**

**INDIAN HARBOR INSURANCE COMPANY,**

**Defendant.**

---

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE (Doc. No. 3)** |
| **FILED:** | **August 24, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Defendant, Indian Harbor Insurance Company ("Indian Harbor"), moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, Indian Harbor argues that Plaintiff East Wind Association, Inc.'s ("East Wind") allegations of "bad faith" fail to state a claim under Florida law. Alternately, Indian Harbor moves to strike the "bad faith" allegations and prayer for leave to amend the complaint to plead punitive damages at a later time.

## I. THE LAW

### A. Motions to Dismiss

A court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45 - 46 (1957); *see, Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir. 1990); *Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986); *Ancata v. Prison Health Serv., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985) (threshold is "exceedingly low"). In determining whether to dismiss a case, the Court accepts the allegations in the complaint as true, and otherwise views the allegations in the light most favorable to the plaintiff. *Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir. 1992) citing *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 994-95 (11th Cir. 1983). The Court does not generally accept conclusory allegations as true. *See, S. Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402, 408 n. 10 (11th Cir. 1996); *accord, Assoc. Builders, Inc. v. Ala. Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974).

### B. Motions to Strike

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." It has been stated repeatedly that "[a] motion to strike is a drastic remedy[,]" which is disfavored by the courts and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Augustus v. Bd. of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir.1962); *Story v. Sunshine Foliage World, Inc.*,

120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000); *Seibel v. Society Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla.1997); *Poston v. Am. President Lines Ltd.,* 452 F. Supp. 568, 570 (S.D. Fla.1978). Further, district courts have "broad discretion in disposing of motions to strike." *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

**II. ANALYSIS**

Indian Harbor's motion to dismiss alleges that East Wind's complaint commingles allegations of "bad faith" with breach of contract. Indian Harbor argues that East Wind cannot state a claim for bad faith absent a determination of contractual liability in favor of the insured. Further, to the extent East Wind's complaint alleges a violation of Fla. Stat. § 624.155, Indian Harbor argues that East Wind failed to satisfy the statutory condition precedent of giving written notice of the violation to the insurer and the Florida Department of Insurance.

East Wind agrees with Indian Harbor's argument as it relates to bad faith actions. East Wind, however, contends that its claim is for breach of contract and not for bad faith. East Wind further concedes that the allegation based on Fla. Stat. § 624.155 and the portion of the prayer for damages that relates to adding punitive damages are improper. East Wind argues that its other references to "bad faith" in the complaint are merely one of the methods by which a contract may be breached.

East Wind's complaint sets forth the essential elements for breach of contract. The complaint in its current form, however, improperly commingles a breach of contract claim with a bad faith claim. The allegations of "bad faith" add nothing to the breach of contract claim. Rather, the "bad faith" allegations cause confusion as to the nature of the claim presented. A party cannot simply "withdraw" improper allegations from a pleading, but the allegations may be stricken or the pleading amended.

Neither should the Court undertake the task of drafting the complaint for the plaintiff, or undertake the resolution of uncontested issues. Plaintiff must file an Amended Complaint in the form Plaintiff desires.

It is therefore **ORDERED** that, on or before October 17, 2006, East Wind shall file such Amended Complaint for breach of contract as it may be advised.

It is **FURTHER ORDERED** that Indian Harbor's motion to dismiss or strike is **DENIED without prejudice** to Indian Harbor's right to move to dismiss or strike East Wind's Amended Complaint.

**DONE** and **ORDERED** in Orlando, Florida on October 3, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE